# Schnure and Others' Appeal.

1. Dewart gave to his son William $2000 (and charged it on land devised to William) in trust for Lewis, " to be paid to him between the ages of twenty-one and twenty-five at the discretion of William ;" in case of the death of Lewis before twenty-five years the legacy to lapse.  Before Lewis reached twenty-one years the land was sold by the sheriff.  When Lewis attained twenty-one, William declared in writing that the legacy was payable. *Held*, that the owers of the land were bound to pay it with interest from Lewis's full age.

2. The provision for a lapse of the legacy by Lewis's death before twenty-five, did not change William's power to exercise the discretion.

3. The sheriff's sale of the land before Lewis attained twenty-one and before the trustee exercised his discretion, did not relieve the owners from liability, when Lewis arrived at twenty-one years.

January 22th 1872.　Before Thompson, C. J., Agnew and Sharswood, JJ.　Williams, J., at Nisi Prius.

Appeal from the decree of the Orphans' Court of *Northumberland county*.

Lewis Dewart, by his will dated December 10th 1851, and proved May 12th 1852, provided as follows :—

"Fourthly, I give and bequeath to my son William, in trust for my grandson, Lewis Dewart, Jr., the sum of two thousand dollars, to be paid to him between the ages of twenty-one and twenty-five, at the discretion of my son William, and I hereby charge my farms in Penn township, Union county, with the payment of the same ; and in case of the death of my grandson before the age of twenty-five, this legacy to lapse."

William L. Dewart, trustee, was appointed executor of the will. The land charged, consisting of several tracts, was sold by the sheriff under executions against William L. Dewart, in 1859, 1860 and 1861 ; it was at the commencement of these proceedings owned in distinct parts by George Schnure, John Hummel, Henry N. Backhus, Peter Kautz and Peter Hahn and under the decision of the Supreme Court, Dewart's Appeal, 7 Wright 325, subject to the legacy to Lewis Dewart, Jr.

Lewis Dewart, Jr., the legatee, attained the age of twenty-one years on the 6th of May 1870.　On the 7th, William L. Dewart, the trustee, executed a writing, reciting the bequest, the sale of the land and the arrival of the legatee at the age of twenty-one years, and declared : "Now, I, William L. Dewart, exercising the discretion given to me by the said will of my father, by these presents declare the said legacy and all the interest accrued upon the same to be now immediately due and payable to my said son, Lewis Dewart, and that the right of the same is now fully vested in him without possibility of lapse, and I hereby consent and agree that he may demand and receive the payment of the said legacy and interest from whomsoever the same is now by law due and payable."

On the 6th of August 1870, Lewis Dewart, Jr., petitioned the Orphans' Court of Northumberland county for a citation to Schnure and the other owners of the land to show cause why their land should not be sold to pay the legacy.

The court (Jordan, P. J.) decreed that the owners of the land each pay to Lewis Dewart, Jr., such part of the legacy as was in proportion to the value of the land, respectively owned by them, with interest from May 6th 1870, the day when Lewis Dewart, Jr., attained the age of twenty-one years : the decree set out the specific sums.

20 P. F. Smith—26

[Schnure's Appeal.]

The defendants appealed to the Supreme Court, and assigned for error that the court erred in deciding :—

1. That William L. Dewart, the trustee, could by the paper of May 7th 1870, make the $2000 legacy immediately due and payable so as to affect the sheriff's vendees.

2. That under the circumstances, said legacy became due and payable May 6th 1870, on the arrival of the legatee at the age of twenty-one, and that the same could then be collected out of the lands on which it was made a charge.

*G. F. Miller*, for appellants.

*W. D. Todd*, *L. Dewart* and *J. W. Comly*, for appellee.

The opinion of the court was delivered, February 19th 1872, by

THOMPSON, C. J.—This appeal arises out of the same clause in the will of Lewis Dewart, deceased, as did the case of the appeal of Lewis Dewart, Jr., just read (*postea* 403), but on a different point in it.

The question is, when was the legacy in the fourth clause of the will payable? The will settles this. It provides that it shall be payable between the ages of twenty-one and twenty-five of the legatee, at the discretion of the trustee, his father, William Dewart. Immediately, on the legatee's arriving at that age, his father exercised the discretion given in the will, and appointed him to receive immediately, the legacy charged on the farms of the appellants. We do not think this power was changed by the clause providing for a lapse before twenty-five. That provision must be construed in subordination to the positive power given to the trustee to fix the time of payment earlier, that is to say, at any time between twenty-one and twenty-five years of age of the legatee. It must have been intended by the testator, that if not sooner paid under the discretion given, the trustee in the will, and the death should occur before twenty-five, the legacy would lapse. In this way we give effect to the entire will. In the way contended for by the appellants, the legatee would be postponed, let his necessities be ever so great, to await the lapse of the period named for the realization of the testator's bounty. This could not have been intended, we think.

But the reason for postponement is not good. The lapse, if it occurred, would not benefit the appellants. The legacy would assuredly sink into the estate, and pass to the residuary devisee. This we said in Dewart's Appeal, 7 Wright 325. The appellants purchased the property charged with payment of the legacy, and they knew, or might have known, for it was in the line of their title, that it was discretionary with the devisee in trust, at what time between the two periods, the first or any intermediate day he might determine, that the legacy should be paid. The time

for payment was fixed by him in accordance with the power given by the testator, and the terre-tenants must respond. The decree of the court is affirmed, and appeal dismissed at the costs of the appellants.

